# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 05-60047 |
|---|---|
| VS. | JUDGE DOHERTY |
| MICKEY MARCELL PATT | MAGISTRATE JUDGE METHVIN |

### REPORT AND RECOMMENDATION ON
### MOTION TO LIMIT OR SUPPRESS GOVERNMENT'S USE OF
### OTHER CRIMES EVIDENCE PURSUANT TO F.R.E. 404(b)
### AND MOTION TO REQUIRE GOVERNMENT TO REVEAL AGREEMENT

*(Rec Docs. 39 and 47)*

Before the court are two motions filed by defendant Mickey Marcell Patt: 1) a motion to limit or suppress the government's use of other crimes evidence pursuant to F.R.E. 404(b) filed on November 21, 2005;[1] and 2) a motion to require the government to reveal any agreement entered into between the United States and any prosecution witness, also filed on November 21, 2005.[2] The government opposes the motions.[3]

## Background

Patt is charged in a two-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1).[4] The government alleges that on April 3, 2005, Patt was driving a customized 1991 Cadillac when he was stopped by the Lafayette Police Department. During the traffic stop, the investigating officer located two firearms concealed

---

[1] On February 21, 2006, the undersigned granted Patt's motion to withdraw his an identical motion to suppress, filed on November 21, 2005.

[2] Rec. Docs. 39 and 47.

[3] Rec. Docs. 44 & 45.

[4] Count Two of the indictment is a forfeiture count under 18 U.S.C. §924(d)(1).

beneath a customized center console of the vehicle. Patt has prior convictions for possession of crack cocaine (1994), contributing to the delinquency of a juvenile (1998), and battery on a police officer (1998). Patt was on parole supervision when he was arrested on the federal charges.

At Patt's detention hearing on September 22, 2005, Patt called Mary Savoie as his sole witness. Savoie gave significant exculpatory testimony. She testified that she had been the purchaser of the 1991 Cadillac, but had put the title in Patt's name because she had previous traffic violations. Savoie also testified that she had arranged for the custom work to be done on the vehicle, although she could not give the dates the work was done, nor could she state who performed the custom work. Savoie also testified that the guns which were concealed in the vehicle at the time of Patt's arrest were hers. On cross-examination, however, she was unable to identify the make or model of either gun.

The undersigned concluded that Savoie's testimony lacked credibility, and that considering Patt's extensive criminal history, including his convictions for possession of crack cocaine and battery on a police officer, Patt could not be released on bond.

On November 14, 2005, the government filed a "Notice of Other Crimes Evidence," stating that if Patt calls Savoie as a witness at trial, it intends to call as a witness Kevin Pierre, a resident of Sunset, Louisiana. The government states that Pierre will testify that he is acquainted with both Savoie and Patt, and that in the past few years he has observed both Savoie and Patt sell controlled substances on numerous occasions at various locations in Sunset, individually and together. Pierre will also testify that Savoie and Patt are "boyfriend and girlfriend."

*Motion to Suppress*

Patt seeks to exclude Pierre's testimony under FRE Rules 403 and 404(b), arguing that the testimony of "other crimes" evidence is speculative, that it is not relevant, and that its probative value is outweighed by its prejudicial impact. The government responds that Pierre's testimony would be offered only if Savoie testifies, and only for the purpose of impeaching her credibility. Pierre's testimony would show that Savoie had a motive for testifying falsely to exculpate her boyfriend, and that the probative value of such testimony far outweighs any prejudice to the Patt. The government also argues that eyewitness testimony of prior drug trafficking needs no further foundation to be admissible.

Rule 404(b) of the Federal Rules of Evidence states:

> **Other Crimes, Wrongs, or Acts.**--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

F.R.E. Rule 404(b).

The Fifth Circuit has established a two-part test for determining the admissibility of 404(b) evidence: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character; and 2) whether the evidence possesses probative value that is not substantially outweighed by undue prejudice. United States v. Beechum, 582 F.2d 898 (5th Cir.1978) (*en banc*), *cert. denied*, 440 U.S. 920, 59 L.Ed.2d 472, 99 S.Ct. 1244 (1979); see also United States v. Williams, 900 F.2d 823, 825-27 (5th Cir.1990). Evidence is relevant when it

has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.

Here, the undersigned concludes that the government satisfies both prongs of the Beechum test. First, evidence of a romantic relationship between Patt and Savoie, as well as prior drug sales by the two of them, would be offered solely to establish Savoie's motive for testifying falsely. Second, courts have consistently found that, in felon-in-possession cases, evidence of prior drug sales is relevant for the purpose of showing motive for possessing the gun in question. See, e.g., United States v. Sharbutt 120 Fed.Appx. 244, 250 (10th Cir. 2005) (noting that "guns are a well-known tool of a drug dealer," court held that the government" introduction of evidence of defendant's prior drug sales was "clearly relevant for the purpose of showing motive for possessing the gun and knowing it was there."). See also United States v. Frederick, 406 F.3d 754, 761 (6th Cir. 2005) (evidence of drug dealing is admissible to show a motive to possess firearms illegally); United States v. Smith, 292 F.3d 90 (1st Cir. 2002); United States v. Fuller, 887 F.2d 144, 147 (8th Cir. 1989).

Finally, Patt fails to show that the probative value evidence is outweighed by prejudice. Indeed, Savoie was the only witness that Patt called at his detention hearing, and the testimony she is expected to give purports to take all responsibility for the acts with which Patt has been charged. Considering the foregoing, any prejudice to Patt is outweighed by the probative value of the evidence.[5]

---

[5] For the same reasons, the undersigned also concludes that the testimony is relevant and admissible under Rule 403, which states:

*Motion to require disclosure of immunity agreement*

Patt also seeks an order requiring that the government disclose any immunity agreement it has extended to Pierre in exchange for his testimony. In its response, the government acknowledges its obligation to disclose any such agreement not less than seven days before trial under Paragraph 1(c)(2) of the Criminal Scheduling Order in this case, which states:

**(c) <u>Not less than seven (7) days prior to trial:</u>**

[...]

(2) The government shall disclose to the defendant the existence and nature of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>United States v. Giglio</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

Notwithstanding the foregoing, the government attests that it has not entered into any agreement with Pierre.

Considering the foregoing, the undersigned concludes that Patt's request for such information is unnecessary in light of the foregoing orders already entered in this case.

*Conclusion*

Considering the foregoing,

**IT IS RECOMMENDED** that Patt's motion to limit or suppress the government's use of other crimes evidence pursuant to F.R.E. 404(b) (Rec. Doc. 39) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Patt's motion to require the government to

---

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

F.R.E. 403. See, e.g., <u>United States v. Smith</u>, 930 F.2d 1081, 1087 (5th Cir. 1991) (evidence of drug dealing relevant in felon-in-possession case to show circumstances surrounding the charged offense).

reveal any agreement entered into between the United States and any prosecution witness (Rec. Doc. 47) be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on March 31, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)