# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 05-60047 |
| VS. | JUDGE DOHERTY |
| MICKEY MARCEL PATT | MAGISTRATE JUDGE METHVIN |

### *FINDINGS AND RECOMMENDATION ON MOTION TO SUPPRESS*
*(Rec. Docs. 70 & 72)*

Before the court is the motion to suppress filed by defendant Mickey Marcel Patt on June 2, 2006.[1] The government opposed the motion,[2] and an evidentiary hearing was held on September 15, 2006. Considering the evidence presented and the applicable law, it is recommended that the motion to suppress be **DENIED**.

### *Law and Discussion*

A.  *Motion to Suppress*

On April 3, 2005, Mickey Marcel Patt was the subject of a traffic stop in the "Simcoe Strip" area of downtown Lafayette. Officers detained Patt and searched his vehicle. After finding two firearms hidden in the center console of his car, Patt was arrested and charged as a felon in possession of a firearm. Patt seeks to suppress all fruits of the search on grounds that the police did not have probable cause to stop his vehicle or to detain him during the investigation.

---

[1] Rec. Doc. 70.

[2] Rec. Doc. 74.

## B.  *Necessity of Evidentiary Hearing*

It must be said at the outset that the evidentiary hearing in this case was a waste of judicial resources. An evidentiary hearing on a motion to suppress is required only when the defendant alleges material disputed facts which, if proven, would justify relief. FED.R.CR.P. 41(E); United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). Factual allegations set forth in the motion and accompanying affidavits must be "sufficiently definite, specific, detailed, and non-conjectural, to enable the court to conclude that a substantial claim is presented." Id., quoting Cohen v. United States, 378 F.2d 751, 761 (9th Cir.), cert. denied, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). General or conclusory assertions will not suffice. Harrelson, 705 F.2d at 737.

Upon initial review of the defendant's motion, the court issued an order and therein noted the following:

> The factual allegations in the instant motion are clear and concise. *If defendant identifies witnesses who will testify to the allegations, an evidentiary hearing will be necessary to resolve the motion.* However, the memorandum is not supported by an affidavit or declaration subject to penalties of perjury as required by the Criminal Scheduling Order and applicable law.[3]

The defendant was ordered to file an affidavit declaring that he had witnesses who were competent to testify to the facts contained in his motion, and that the witnesses were available to testify. Thereafter, on June 12, 2006, the defendant supplemented his motion by filing an affidavit, stating that he, personally, was "willing, able, and competent to testify to all facts and events of the traffic stop leading to his arrest on said date."[4]

---

[3] Rec. Doc. 71 (emphasis added).

[4] Rec. Doc. 72.

Relying upon defendant's affidavit that he would testify to the facts contained in his motion to suppress, the court scheduled an evidentiary hearing. The hearing lasted two-and-a-half hours and required the attendance of a court reporter, a courtroom deputy, and a law clerk.. Four Lafayette police officers and an ATF agent testified as to the facts surrounding the stop, detention, and search of Patt's vehicle. Two friends of the defendant testified, but neither were present at the time of the stop and search. Contrary to the declarations in his affidavit, the defendant did not take the stand. Asked for an explanation as to why his client did not testify after declaring to the court that he would, defense counsel Peter John vaguely explained that he was unable to call Patt because of the unavailability of other witnesses who would have laid a "foundation" for Patt's testimony.

The undersigned concludes that Mr. John's explanation for his client's failure to testify lacks credibility. Mr. John did not satisfactorily explain why the presence of another witness – a bouncer at a nearby club who also was not a witness to the traffic stop – was somehow necessary in order to properly present Mr. Patt's testimony to the court. Furthermore, had the court known that Patt was not going to testify and that the only witnesses who would be called by the defense were individuals who were not present during the incident in question and who were therefore unable to offer testimony controverting the testimony of the police officers who effectuated the stop and arrest, the undersigned would not have held the evidentiary hearing. Mr. John was specifically cautioned that future wastes of the court's time will not be tolerated.

## C. *Testimony*

All witnesses were sequestered prior to the hearing.

There is no dispute that on the date in question, Patt was driving a customized Cadillac on Simcoe Street in Lafayette, and that his vehicle came to a stop in heavy traffic adjacent to a marked police unit driven by Officer Tom Mercier, who was traveling in the opposite direction. Officer Mercier testified that Patt looked directly at him and proceeded to pop his trunk lid and raise the volume of the music emanating from the trunk of the Cadillac. Officer Mercier noticed that neither Patt nor his passenger was wearing a seat belt. When traffic resumed, Officer Mercier was able to see that Patt's trunk contained four 12-inch speakers surrounded by neon lights. Officer Mercier testified that he is familiar with such speakers, which typically appear in customized vehicles built for sound competition.

Two other police units, driven by Officer James Benoit and Officer Beau Guidry, happened to be traveling several cars behind Patt's car. Officer Mercier radioed a request that Patt be pulled over for violation of the local ordinance prohibiting loud music in vehicles.

Officer Benoit testified that after receiving Officer Mercier's radio request, he was able to identify Patt's vehicle because he could hear the music coming from it and because he observed Patt popping the vehicle's trunk. Officer Benoit followed Patt's vehicle as it turned down several side streets, and initiated a traffic stop by putting on his emergency lights and police alarm. Upon approaching the vehicle on the passenger's side, Officer Benoit smelled the odor of burnt marijuana and immediately advised the passenger of his rights. A pat-down of the passenger revealed a bag of marijuana and a large amount of cash.

While Officer Benoit was handling Patt's passenger, Officer Mercier arrived on the scene. Officer Mercier testified that, upon approaching Patt's vehicle, he immediately smelled the odor of burnt marijuana emanating from the vehicle. He read Patt his rights and asked for permission to search the vehicle. When Patt refused, Officer Mercier called for a K-9 unit. The police dog arrived with his handler, Officer Thomas Veillon, and "alerted" for the presence of marijuana. Officer Mercier testified that a full search of the vehicle was then conducted, and that Officer Benoit located two firearms hidden in the center console of the Cadillac.

Officers Benoit and Guidry both testified that they conducted traces of the serial numbers of the firearms in question and discovered that one of the firearms had been reported stolen. Officer Mercier also testified that a criminal background check was run on Patt, and once it was learned that Patt was a convicted felon, he was arrested.

The testimony of the defense witnesses added very little to the substance of the hearing. Xaviera Mouton, a friend of Patt's girlfriend Mary Savoie, testified that on the morning of April 3, 2006, Mary Savoie drove her in the Cadillac to visit her father in Church Point, Louisiana. Ms. Mouton testified that she knows that the speakers were not connected at that time, because she asked Mary why the music wasn't very loud, and Mary responded that the speakers had not yet been connected.

Catherine Savoie, mother of Mary Savoie, testified that she had ridden in the Cadillac in question on April 1, April 2, and April 5, 2006 (the traffic stop was April 3). In response to Mr. John's questioning, Ms. Savoie testified that on April 1, 2006, Mary Savoie showed her the trunk of the vehicle when she picked her up from the bus station. Ms. Savoie testified that, at that time, she observed that the speakers were not connected. Upon later questioning from the court,

Ms. Savoie's testimony became contradictory and confusing. She corrected her earlier testimony by stating that she actually saw the speakers for the first time the following day, on April 2, 3006, during a trip to the grocery store with her daughter. Ms. Savoie testified that, for no apparent reason, her daughter opened the trunk of the Cadillac and showed her the inside, where it was clear that the speakers were not connected. The court did not find Ms. Savoie's testimony entirely credible.

In an attempt to contravene Catherine Savoie's testimony that she rode in the Cadillac on April 5, 2006, the government called ATF Agent Thomas Faison. Agent Faison testified that the Cadillac in question was impounded immediately after Patt's arrest. Although Agent Faison could not recall when the vehicle left the impoundment yard, the implication of his testimony was that Ms. Savoie could not have ridden in the car on April 5, 2003.

### D.  *Vehicle Stops*

Patt contends that he did not commit any illegal activity so as to justify the initial traffic stop. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. Whren v. U.S., 517 U.S. 806, 809-10, 116 S.Ct. 1769,**1772 (U.S.Dist.Col.1996), citing Delaware v. Prouse, 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979); United States v. Martinez-Fuerte, 428 U.S. 543, 556, 96 S.Ct. 3074, 3082, 49 L.Ed.2d 1116 (1976); United States v. Brignoni-Ponce, 422 U.S. 873, 878, 95 S.Ct. 2574, 2578, 45 L.Ed.2d 607 (1975). See also United States v. Brown, 102 F.3d 1390, 1394 (5th Cir. 1996). Thus, an

automobile stop is subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren, 517 U.S. at 809-10, cited in United States v. Castro, 166 F.3d 728, 734 (5th Cir. 1999); Prouse, 440 U.S. at 659; Pennsylvania v. Mimms, 434 U.S. 106, 109, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977) *(per curiam)*.

The only evidence presented by defendant at the evidentiary hearing related to the issue of whether or not he violated the local noise ordinance. The undersigned found the testimony of the police officers entirely consistent and credible on this point, and concludes that Officer Mercier had legitimate grounds to pull Patt over for a violation of the local noise ordinance. However, even if this issue were resolved in defendant's favor, it is undisputed that Patt was *also* pulled over because neither he nor his passenger were wearing seat belts. Officer Mercier testified that the failure of either occupant to wear their seat belts was another reason that he effectuated the traffic stop, and the defense put on no evidence to contravene this fact.

Considering the foregoing, the undersigned concludes that the traffic stop of Patt's vehicle was reasonable and lawful. *See, e.g.,* Castro, 166 F.3d at 734 (where there was no reasonable basis for challenging the district court's finding that the vehicle in question was speeding and the defendant and his passenger were not wearing their seat belts, the officer had reasonable suspicion to stop the vehicle).

### E. *Unlawful Detention*

Patt also contends that the police officers unlawfully detained him after they stopped him and before he was arrested.

It is well-settled that a detectable odor of marijuana emanating from a vehicle provides probable cause for the search of the vehicle. United States v. Lork, 132 Fed. Appx. 34, 35-36 2005), citing United States v. Reed, 882 F.2d 147, 149 (5th Cir. 1989). In the instant case, both Officer Mercier and Officer Benoit testified that they smelled the odor of burnt marijuana emanating from Patt's vehicle. Officer Mercier testified that, upon smelling this odor, he read Patt his rights and asked for permission to search the vehicle. When Patt refused, Officer Mercier handcuffed him and placed him in the back of a police unit for the remainder of the officers' investigation. At that time, a K-9 unit was called, and after the dog "alerted" to the vehicle for the presence of marijuana, Patt was arrested.

Patt put on no evidence at the hearing disputing the fact that the odor of burnt marijuana could be smelled emanating from the vehicle. Nor did Patt challenge the evidence presented regarding the K-9 alert. Accordingly, the undersigned concludes that the officers had probable cause to search the interior of the Cadillac, where two guns were located. Considering the foregoing, the undersigned concludes that the detention of Patt and the subsequent search of the Cadillac were lawful.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to suppress be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days from the date of its service, or within the time frame authorized by Fed.R.Civ. P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on September 27, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)