# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO.  05-cr-60047** |
| **VERSUS** | **JUDGE DOHERTY** |
| **MICKEY M. PATT** | **MAGISTRATE JUDGE METHVIN** |

## RULING ON DEFENDANT'S MOTION FOR TRANSCRIPTS
### *(Rec. Doc. 150)*

Before the court is defendant Mickey Patt's Motion for Transcripts filed on August 20, 2009.[1]  Judge Doherty referred the motion to the undersigned on August 28, 2009.[2]  The government has not filed an opposition.[3]

Defendant requests that the court provide him with the transcripts of his suppression hearing, trial, and sentencing.  He also requests all exhibits.  Defendant states that this material is "imperative;" however, he provides no basis for his request.  The record shows there is no appeal pending, the Fifth Circuit having affirmed the district court's  November 20, 2007 judgment adjudicating defendant guilty of possession of firearm by a convicted felon and sentencing him for a term of 115 months.[4]  Moreover, defendant has not filed a petition under Title 28 § 2255.

Title 28 U.S.C.A. § 753 provides that in pertinent part that the:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge

---

[1] Rec. Doc. 150.

[2] Rec. Doc. 151.

[3] The Criminal Scheduling Order requires that any oppositions are to be filed within 5 days of the motion.  The motion was filed on August 20, 2009; thus the deadline for an opposition has passed.

[4] Rec. Doc. 148.

or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Although this statute provides for relief under certain circumstances, defendant has not filed a § 2255 proceeding.  Where a federal prisoner filed a motion in the district court seeking to obtain a copy of his trial transcript in order to examine it to prepare an attack on his conviction collaterally, the United States Court of Appeals affirmed the district court's denial on grounds that the transcript was not available for a "fishing expedition."  The court noted that it has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is an indigent. U.S. v. Herrera  474 F.2d 1049, 1049 -1050 (5th Cir. 1973).

Considering the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion is denied without prejudice to the right to re-urge should defendant file a petition pursuant to § 2255.  If the motion is re-urged, defendant shall set forth the basis for his motion, including a showing that the grounds for the relief requested are not frivolous but present a substantial question.

Signed at Lafayette, Louisiana, on September 19, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)